# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Lyndsay Talcott,<br><br>            Plaintiff,<br><br>v.<br><br>Comenity Bank and DOES 1 through 10,<br><br>            Defendants. | **COMPLAINT AND<br>DEMAND FOR A JURY TRIAL** |

Plaintiff Lyndsay Talcott as and for her cause of action hereby states and alleges the following:

## INTRODUCTION

1.      This is an action for damages brought by Lyndsay Talcott against Comenity Bank for its repeated violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*. and invasions of privacy. Defendant Comenity Bank, and its present, former, or future direct and indirect parent companies, subsidiaries, affiliates, agents, and/or related entities (hereinafter referred to as "Defendants" or "Comenity") knowingly, willfully, and/or negligently made in excess of 500 phone calls to Plaintiff's cellular telephone using an automatic telephone dialing system without her prior express consent in violation of the TCPA.

## JURISDICTION AND VENUE

2.      This Court has federal question subject mater jurisdiction over this action under 28 U.S.C. § 1331. *Mims v. Arrow Financial Services, Inc.*, 132 S. CTt. 740 (2012).

This Court has supplemental jurisdiction over the state law claim under 28 U.S.C. §§ 1367.

3.     This Court has personal jurisdiction over Defendants because, as further described herein, the Defendants purposefully directed business activities at the State of Minnesota, and this litigation results from events that arise out of or relate to those activities

4.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the relevant acts and transactions occurred in Minnesota, Plaintiff resides within Minnesota and Defendants transact business within Minnesota.

## PARTIES

5.     Plaintiff Lyndsay Talcott is a citizen of Minnesota and resides in Eden Prairie, Minnesota.

6.     Defendant Comenity Bank is a national bank headquartered at One Righter Parkway, Suite 100, Wilmington, Delaware 19803. Comenity Bank is a leader in the consumer credit lending industry and is a "person" as defined by 47 U.S.C. § 153 (10). Comenity Bank regularly solicits, advertises and issues consumer credit cards to residents of Minnesota.

7.     The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein.

Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

8.      Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTS

9.      In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

10.     The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice…to any telephone number assigned to a…cellular service." *See* 47 U.S.C. § 227(b)(1)(A)(iii). The TCPA provides a private right of action to persons who receive calls in violations of 47 U.S.C. § 227(b)(1)(A). *See* 47 U.S.C. § 227(b)(3).

11.     At all times relevant, Plaintiff was an individual residing in the State of Minnesota. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

12.     Defendants are, and at all times mentioned herein were, a "person," as defined by 47 U.S.C. § 153(39).

3

13.     Beginning on or around October 1, 2015, and continuing daily through March 30, 2016, Defendants repeatedly called Plaintiff on her cellular telephone using an automatic telephone dialing system. Plaintiff received repeated, harassing calls from Defendants at all times of day and multiple times each day.

14.     On December 10, 2015, the Plaintiff received thirteen (13) calls from Defendants. The volume of calls represents harassment and is indicative an automatic telephone dialing system being used to make the calls.

15.     All the telephone calls made by Defendant to Plaintiff's cellular telephone were made using an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1).

16.     The telephone number where Defendant called Plaintiff is, and at all times mentioned herein was, assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

17.     The complained of telephone calls constituted calls not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

18.     Defendants unlawfully, intentionally and with knowledge called Plaintiff's cellular telephone using an automatic telephone dialing system in violation of 47 U.S.C. § 227 *et seq*.

19.     Defendants' calls to Plaintiff invaded her privacy and were offensive.

20.     A reasonable person would find over 500 incoming phone calls to their cellular telephone – sometimes more than ten times in one day - highly offensive and an intrusion and invasion of their privacy.

21.     As a result of Defendants' repeated violations of the TCPA and invasions of Plaintiff's privacy, Plaintiff suffered actual damages in the form emotional distress, including anxiety, stress, anger, frustration, and irritability, among other negative emotions and physical symptoms.

22.     The Plaintiff was damaged by Defendants' illegal calls. Defendants' calls were nuisances that briefly deprived Plaintiff of the use of her phone, invaded her personal privacy, and wasted her time.

## CAUSES OF ACTION

### COUNT I.
### KNOWING AND/OR WILLFUL VIOLATIONS OF
### THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227 *ET SEQ.*

23.     Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

24.     The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

25.     As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 *et seq*., Plaintiff is entitled to treble damages of up to $1,500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

26.     Plaintiff is also entitled to injunctive relief prohibiting such conduct violating the TCPA by Defendants in the future.

### COUNT II.
### STRICT LIABILITY VIOLATIONS OF

## THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227 *ET SEQ.*

27.     Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

28.     The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

29.     As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff is entitled to an award of $500.00 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

30.     Plaintiff is also entitled to injunctive relief prohibiting such conduct violating the TCPA by Defendants in the future.

## COUNT III.
## INVASION OF PRIVACY BY INTRUSION ON SECLUSION

31.     Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

32.     Defendants and/or their agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely, by repeatedly and unlawfully making phone calls to Plaintiff in violation of the TCPA. *See Owners Ins. Co. v. European Auto Works, Inc.* 695 F.3d 814, 819 – 820 (8th Cir. 2012) ("We conclude that the ordinary meaning of the term "right of privacy" easily includes violations of the type of privacy interest protected by the TCPA. Our court has previously stated that violations of the TCPA are " 'invasions of privacy'

6

under [the] ordinary, lay meaning[] of the[] phrase [].")(quoting *Universal Underwriters Ins. Co. v. Lou Fusz Auto. Network, Inc.*, 401 F.3d 876, 881 (8th Cir. 2005)).

33.     Defendants and/or their agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of this Plaintiff, namely, by repeatedly and unlawfully calling Plaintiff's cellular telephone using an automatic telephone dialing system in violation of the TCPA.

34.     Defendants and their agents intentionally and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

35.     Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs.

36.     The conduct of Defendants and their agents, in engaging in the above-described illegal conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by Defendants, which occurred in a way that would be highly offensive to a reasonable person in that position.

37.     As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendants.

## JURY TRIAL DEMAND

38.     Plaintiff demands a jury trial.

## PRAYER FOR RELIEF

**THEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendants for the following:

1.      For a declaration that Defendants telephone calls to Plaintiff violated the TCPA;

2.      For an award of damages consistent with the TCPA, 47 U.S.C. § 227(b)(3)(B);

3.      For an award of triple the damages available under 47 U.S.C. § 227(b)(3) for willful or knowing violations of the TCPA;

4.      For a permanent injunction prohibiting Defendants from placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice;

5.      For an award of actual damages suffered as a result of the invasions of privacy in an amount to be determined at trial; and

6.      For such other and further relief as may be just and proper.

**HEANEY LAW FIRM, LLC**

Date: **January 18, 2017**

Mark L. Heaney
(MN #333219, AZ #022492)
601 Carlson Parkway, Suite 1050
Minnetonka, MN 55305
Tel: (952) 933-9655
Fax: (952) 487-0189
mark@heaneylaw.com

*Attorney for Plaintiff Lyndsay Talcott*